UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEON D. COLVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-02935 (UNA) |
| ) | |
| ANNA BLACKBURNE RIGSBY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its review of Plaintiff's *pro se* Amended Complaint ("Am. Compl."), ECF No. 4, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this case without prejudice.

Plaintiff sues the District of Columbia and multiple judges from the D.C. Court of Appeals. *See* Am. Compl. at 1–3. He challenges the appellate judges' denial of his petition for writ of mandamus, *see id.* at 1, 4–13; *see In Re Deon D. Colvin*, App. No. 24-OA-0016 (D.C. Ct. App. filed Sept. 9, 2024),[1] at Order Denying Writ of Mandamus (filed Sept. 17, 2024); *see id.* at Order Denying Petition for Rehearing/Rehearing en banc (filed Oct. 24, 2024), in which he asked the D.C. Court of Appeals to recuse the D.C. Superior Court judge presiding over his case below, *see* Am. Compl. at 4–13; *see also Colvin, Deon D. v. 743 Fairmont Street NW LLC*, No. 2019-CA-008113-B (D.C. Super. Ct. filed Dec. 11, 2019). He takes issue with the stated bases and brevity of the Court of Appeals' determinations and alleges that the denial of relief was discriminatory and violated his constitutional rights without explaining how or why beyond his disagreement with

---

[1] A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

the decisions. *See* Am. Compl. at 4–13. He demands damages and an injunction voiding the orders of the D.C. Court of Appeals. *See id.* at 8–10, 12–13.

First, Plaintiff has failed to establish subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Federal courts are generally prohibited from reviewing determinations made by local District of Columbia courts, including the D.C. Court of Appeals. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). The *Rooker-Feldman* abstention doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Feldman*, 460 U.S. at 486. Insofar as Plaintiff seeks review of the propriety of the decisions made by the D.C. Court of Appeals, such is not the province of this Court.

Second, the judicial defendants are immune from suit. Judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). And "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."). Because the

actions alleged by Plaintiff were taken in the defendant judges' official capacities, they are absolutely immune from suit.

Accordingly, the case is dismissed without prejudice. Plaintiff's Motion for Extension of Time to Serve Complaint, ECF No. 5, is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: December 17, 2025

/s/_____
ANA C. REYES
United States District Judge